IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

                 Plaintiff,               OPINION AND ORDER

v.

                                                                 15-cv-365-wmc

SHERIFF OF DANE COUNTY, *et al.*,

                 Defendants.

*Pro se* plaintiff Gabriel G. Ramirez is proceeding in this lawsuit on his claim that defendants Deputy L. Kranski, Deputy Sween, and Jane and John Doe deputies used excessive force claim against him in violation of the Fourteenth Amendment. The parties are in the process of briefing defendants' motion for summary judgment, but in the meantime Ramirez has filed three motions that this order resolves. Specifically, on December 4, 2017, Ramirez filed a motion opposing defendants' request for an oral deposition and requesting a stay (dkt. 39). Next although Ramirez's deadline to file his opposition materials was January 4, 2018, on January 8, 2018, Ramirez instead filed two motions requesting assistance in recruiting counsel (dkt. 41) and an extension of time to file his summary judgment opposition materials (dkt. 42). For the following reasons, I am denying Ramirez's motions in opposition to the oral deposition and request for assistance in recruiting counsel, but I am granting his request for additional time to respond to defendants' motion for summary judgment. Finally, I am directing Ramirez to show cause as to why the presiding judge should not dismiss the Doe defendants from this lawsuit.

**Motion opposing deposition and to modify the scheduling order (dkt. 39)**

Ramirez requests that the court deny defendants' request to take his deposition, and asks the court to suspend all deadlines set forth in the Pretrial Conference Order (dkt. 22) pending a "civil rights or criminal investigation" of the defendant. I am denying both requests.[1]

First, the opposition to the deposition is moot. The court granted defendants' motion on November 1, 2017, and defendants conducted the deposition on November 28, 2017, without Ramirez objecting. Second, Ramirez has not provided a persuasive reason to suspend the deadlines in this lawsuit. Ramirez explains that he wrote letters to both the Madison Police Department and the Federal Bureau of Investigation, in which he requested that these entities investigate the defendants' conduct from November 12, 2014, and would like to stay this matter pending the outcome of those investigations. However, because none of his filings suggest that anyone ever actually opened an investigation, there is no reason to stop these proceedings.

---

[1] Ramirez does actually say this, but in one paragraph, he uses language suggesting that Ramirez considered preparing an amended complaint to add a First Amendment retaliation claim against defendants in this lawsuit. (*See* dkt. 39, at 3.) However, because Ramirez does not explicitly request to amend his complaint, and has not included any new allegations about the retaliation claim, I have not construed this paragraph as a separate request to amend his complaint. While Ramirez is not forbidden from seeking leave of court to file an amended complaint, at this late stage in this lawsuit Ramirez should think twice before devoting time to such a motion because it is highly unlikely that the court would grant it. Indeed, in accordance with Fed. R. Civ. P. 15(a) and the Preliminary Pretrial Conference Order, to succeed in such a motion, Ramirez will need to seek leave of court through a motion, showing both good cause explaining the reason for his significant delay and that his new claims would not be futile, and attach a complete copy of the proposed amended complaint to his motion. (*See* dkt. 22, at 4-5.)

**Motion for Assistance in Recruiting Counsel (dkt. 41)**

In his motion, Ramirez explains that he cannot afford to hire counsel, he suffers from a number of mental illnesses including bipolar, depression, and anxiety, and that he has been relying on another inmate to help him with his filings.

The starting point with Ramirez's request is that there is no right to counsel in civil cases. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Rather, courts have discretion to grant motions for assistance in recruiting counsel where a party meets several requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Ramirez has established both that he is unable to afford counsel and that he has made reasonable efforts to find a lawyer on his own but has been unsuccessful, but I will not grant his request at this point. Indeed, it still is not apparent that this is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The operative question is not whether a lawyer will do a better job than him -- that is almost always the case.

This lawsuit is about whether the defendants Kranski, Sween and the Doe defendants used excessive force against him on November 12, 2014. To succeed, Ramirez has the burden show "that the force purposely or knowingly used against him was objectively unreasonable," based on the following factors: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*

*v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).[2] Thus Ramirez's burden of proof will include submitting evidence about the incident in question – which will involve his own and witness memory – and arguing the factors under *Kingsley*. I am not persuaded that Ramirez needs an attorney to complete these tasks.

For one, at this stage Ramirez's obligation is to file opposition materials to defendants' pending motion for summary judgment, and his efforts to meet that obligation pass muster. For one, his request for an extension, by itself, does not convince me that he needs an attorney, as this is a common request for all parties, including those with lawyers. Next, Ramirez has submitted part of his opposition materials, in which he sets forth defendants' proposed facts and his grounds for disputing those facts, and he cites to case law related to the excessive force standard. While I have conducted only a cursory review of the substance that submission, this much is clear: Ramirez can write articulately, he can cite to and analyze the relevant facts under the proper standard, and he can comply with the Federal Rules of Civil Procedure and this court's procedures for responding to motions for summary judgment. (*See* dkt. 42.)

Ramirez's apparent reliance on the assistance of another inmate to craft these filings does not militate in favor of granting him counsel; rather, it demonstrates his ability to litigate it without one. That said, once the parties complete briefing, or if this case proceeds to trial, the presiding judge will, if necessary, *sua sponte* recruit counsel on Ramirez's behalf if it becomes apparent that the legal and factual difficulties of this case exceed Ramirez's ability to litigate it further without an attorney. As such, I am denying Ramirez's motion without prejudice.

---

[2] Defendants confirm in their summary judgment materials that Ramirez was, as the court assumed for purposes of screening, a pretrial detainee at the Dane County Jail on November 12, 2014. (*See* Def. Br. (dkt. 31) at 12.) While they point out that there is some question about whether the Eighth or Fourteenth Amendment governs Ramirez's claims, their arguments assumes an analysis under the standard set forth in *Kingsley*.

**Motion for Extension of Time (dkt. 42)**

Ramirez requests an additional 30 days to respond to defendants' motion for summary judgment. While he certainly should have submitted this request prior to the January 4, 2018, deadline, he explains that he did not have access to his records related to this lawsuit between March and September of 2017, and defendants don't oppose his request. Out of deference to Ramirez's *pro se* status and his demonstrated attempts to respond to defendants' motion thus far, I will modify the deadlines for defendants' motion for summary judgment as follows: **Ramirez's opposition is due February 12, 2018, and defendants' reply is due February 22, 2018.**

**Doe Defendants**

Finally, while neither party addresses this issue, Ramirez has not filed a motion for leave to file an amended complaint that names the John Doe defendants. Therefore, the Doe Defendants are subject to dismissal. In the March 22, 2017, Preliminary Pretrial Conference Order, I set May 12, 2017, as the deadline for Ramirez to amend his complaint and identify the Doe defendants. (Dkt. 22 at 4-5.) The order specifically warned Ramirez: "If plaintiff does not file an amended complaint identifying the Doe defendants by the deadline, then this court could dismiss all of plaintiff's claims against the Doe defendants." (*Id.*)

While Ramirez has submitted a number of filings since then, he never has requested additional time to identify those defendants, nor has he submitted a proposed amended

complaint naming them. Accordingly, the Doe defendants are subject to being dismissed out of this lawsuit. Even so, I will give Lewis until **January 26, 2018,** both to file an amended complaint identifying the John Doe defendants *and* to explain why the presiding judge (Judge Conley) should grant leave to add these defendants to the case at this late date. If Ramirez files nothing, then Judge Conley likely will conclude that Ramirez has abandoned his claims against the Doe defendants.

ORDER

IT IS ORDERED that:

(1) Plaintiff Gabriel G. Ramirez's motion opposing defendants' request for an oral deposition and requesting a stay (dkt. 39), and motion requesting assistance in recruiting counsel (dkt. 41) are DENIED. The motion for assistance in recruiting counsel is denied without prejudice.

(2) Plaintiff's motion for extension (dkt. 42) is GRANTED. The deadlines for defendants' motion for summary judgment as follows: **Ramirez's opposition is due February 12, 2018, and defendants' reply is due February 22, 2018.**

(3) Plaintiff may have until **January 26, 2018,** to file an amended complaint identifying the John Doe defendants and explaining why the presiding judge should not dismiss the John Doe defendants from this lawsuit for his failure to meet the May 12, 2017, deadline.

Entered this 12th day of January, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge