IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

                          Plaintiff,                       OPINION AND ORDER

v.

                                                       15-cv-365-wmc

SHERIFF OF DANE COUNTY, *et al.*,

                          Defendants.

*Pro se* plaintiff Gabriel G. Ramirez claims that Deputies L. Kranski, Sween, and Jane and John Doe used excessive force claim against him in violation of the Fourteenth Amendment on November 12, 2014. Defendants filed a motion to dismiss the John Doe defendants (dkt. #47), as well as a motion for summary judgment (dkt. #30). In response, plaintiff filed opposition materials, along with a renewed motion for assistance in recruiting counsel (dkt. #46). Due to plaintiff's most recent filing (dkt. #53-1), the court will direct defendants to submit video footage of the November 12, 2014, incident to the court for *in camera* inspection, deferring ruling on the pending motions until that time.

In particular, on April 12, 2018, Ramirez filed a 53-page motion to supplement (dkt. #53), in which he requests that the court consider additional evidence and represents that defendants have been withholding documents and information relevant to his claims. Of relevance, one of the attachments to Ramirez's motion is a letter from the Dane County Sheriff's office granting Ramirez's requests for certain documents but denying his request for video footage related to the November 12, 2014, incident. (Dkt. #58-3.) The Dane County Sheriff's Office appears to have received Ramirez's request on March 1, 2018, and denied it on March 18, 2018, due to the "public safety and security implications inherent

1

in releasing video surveillance." However, it does not appear that defendants or defendants' counsel were involved in denying this request, and it is unclear whether Ramirez has even attempted to obtain this video footage through the discovery process. Given the potential import of this evidence, and that this apparent failure to request this footage through discovery appears to be a function of Ramirez's *pro se* status, the court will treat Ramirez's motion to supplement as a motion to compel.

As an initial matter, the video footage appears highly relevant to Ramirez's claim. While defendants do not directly rely on the November 12, 2014, video footage in their motion for summary judgment, their proposed findings of fact and brief reference the fact that Dane County Jail employees reviewed the video footage and concluded that Ramirez was not the victim of excessive force. The fact that defendants have not submitted this evidence is puzzling, especially given that the parties appear to have genuine factual disputes that the video has the potential to resolve or, at minimum, inform. Regardless, the court would be obliged to accept facts clearly depicted in video evidence. *Scott v. Harris*, 550 U.S. 372, 381 (2007).

Perhaps defendants have taken the position that they cannot turn over the video footage due to potential security concerns. Such a justification may be appropriate in certain circumstances, but a "blanket policy of keeping confidential security camera videotapes for safety reasons" is insufficient. *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). Even if it were, those concerns certainly do not apply to the court's *in camera* inspection. As a further accommodation in this regard, defendants may file the video under seal, along with a sealed affidavit explaining which parts of the footage in particular raise

security concerns. The court will then review the video footage *in camera* and determine whether defendants' security concerns outweigh the footage's relevance in this lawsuit. If the court determines that plaintiff is entitled to review the video, then the court will direct defendants to contact FLCI and arrange for Ramirez to view the video footage. Furthermore, if the court determines that the video footage clears up the apparent factual disputes and it appears to justify the grant or denial of defendants' or plaintiff's motions, it will explain why and give any adversely affected party the notice and the opportunity to respond. *See* Fed. R. Civ. P. 56(f). In the meantime, the court will strike all outstanding deadlines, to be reset, as necessary, once the parties' motions are resolved.

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion to supplement (dkt. #58) is GRANTED in part and DENIED in part, insofar as the court has considered his filing related to the video footage request, but will not grant any other form of relief requested at this time.

(2) Within one week of the date of this order, defendants must file under seal a copy of the security video and supporting affidavit as set forth above for *in camera* review.

(3) The trial date and other deadlines in this case are STRICKEN, to be reset promptly after the court resolves the parties' pending motions.

Entered this 20th day of April, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge