IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

                Plaintiff,              OPINION AND ORDER

v.

                                          15-cv-365-wmc

SHERIFF OF DANE COUNTY, *et al.*,

                Defendants.

*Pro se* plaintiff Gabriel G. Ramirez is proceeding to trial on claims that Deputies L. Kranski and Sween used excessive force claim against him in violation of the Fourteenth Amendment on November 12, 2014. On April 2, 2019, the court held a telephonic hearing to resolve Ramirez's pending motion for assistance in recruiting counsel. (Dkt. #46.) During the hearing, the court granted the motion and also directed defense counsel to provide Ramirez access to the video footage of the incident. This order memorializes those conclusions and describes Ramirez's obligations going forward.

As explained during the telephonic hearing, the next step will be for the court to recruit counsel on Ramirez's behalf, which may take time given that he is now one of approximately ten *pro se* litigants for whom this court is currently recruiting counsel. Once that task is accomplished, the court will schedule a status conference to reset the trial date in this case. Plaintiff's counsel will be directed to contact Ramirez's institution, Fox Lake Correctional Institution, for purposes of consulting with plaintiff in the preparation of his case, whether by phone or in person.

As also stated during the hearing, plaintiff should appreciate that when counsel is recruited, this individual will be representing him out of a sense of professional

1

responsibility, which includes representing zealously those clients they take on. Plaintiff was similarly advised that in return for representation, plaintiff, too, has taken on a responsibility. For example, once his recruited counsel files an appearance in this case, any further communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his or her direction, and must permit him or her to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with a lawyer, he is free to alert the court and end that representation, but he should be aware that it is highly unlikely that the court will recruit a second attorney to represent him.

Finally, during the hearing, in addition to granting Ramirez's motion, the court directed defense counsel to arrange for Ramirez to view the video footage of the November 12, 2014, incident, per the court's previous order, and to provide related information as set forth in the order below.

ORDER

IT IS ORDERED that:

1) Plaintiff Gabriel Ramirez's motion for assistance in recruiting counsel (dkt. #46) is GRANTED.

2) Within 30 days of the date of this order, defendants shall arrange for Ramirez to view the video footage of the November 12, 2014, cell extraction, as well as provide Ramirez the: (a) names of each officer involved in order of their entry into the cell; and (b) the names and last known contact information of the other prisoners in that cell, identifying each by their bunk location.

3) All other matters in this proceeding are STAYED until the court recruits counsel on Ramirez's behalf.

Entered this 2nd day of April, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge