IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

                                                    ORDER
                        Plaintiff,

        v.
                                              15-cv-365-wmc
SHERIFF OF DANE COUNTY, *et al.*,

                        Defendants.

Plaintiff Gabriel Ramirez is proceeding in this civil action on claims that Deputies L. Kranski and Sween used excessive force against him in violation of the Fourteenth Amendment. At plaintiff's request, the court recruited counsel Tomislav Kuzmanovic of the law firm of Hinshaw & Clubertson in Milwaukee, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a status conference to reset the trial date in this case. Plaintiff's counsel should contact the Fox Lake Correctional Institution for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of the conference, the clerk's office will be directed to set that conference in mid-August as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for

representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyer, he is free to alert the court and end her representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Tomislav Kuzmanovic of the law firm of Hinshaw & Cultbertson as plaintiff's *pro bono* counsel of record and to set this case for a status conference in mid-February as the court's schedule allows.

Entered this 12th day of November, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge