IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

                Plaintiff,                OPINION AND ORDER

v.

                                           15-cv-365-wmc

L. KRANSKI, *et al.*,

                Defendants.

*Pro se* plaintiff Gabriel G. Ramirez is proceeding to trial on June 28, 2021, on claims that Deputies L. Kranski, Sween, and Jane and John Doe used excessive force claim against him in violation of the Fourteenth Amendment on November 12, 2014. Pretrial submissions are due May 21, 2021, and there are multiple discovery-related motions currently pending. (Dkt. 88, 92, 98.) For the reasons that follow, I am granting defendants' motion to compel, and granting in part and denying in part plaintiff's motions to compel video footage and to stay.

OPINION

I.    **Defendants' motion to compel (dkt. #88)**

Defendants filed a motion to compel plaintiff to provide a signed medical authorization that would grant defendants access to Ramirez's more recent medical records. In particular, defendants had already received access to Ramirez's medical records for events that took place between November 12, 2014, and October 27, 2017, but since Ramirez alleges that he continues to experience injuries from the use of force incident, they have sought access to his more recent records. Defendants explain that in March 2020,

1

they began asking Ramirez for updated medical record authorizations. However, when Ramirez eventually returned the authorizations, they were heavily edited and rejected Ramirez's providers. Defense counsel attempted to work out this dispute with Ramirez's former counsel, who responded that they were unaware how the authorizations were edited. Unfortunately, Ramirez's counsel dropped from this case in the midst of those discussions. Then, on September 1, 2020, and October 13, 2020, defendants attempted again to obtain executed authorizations and both attempts were unsuccessful, and they filed this motion to compel in December 2020.

In opposition, Ramirez argues that he is not required to provide access to more recent medical records because defendants have not been providing him access to the video footage of the use of force incident. I will address the video footage below, but Ramirez's inability to access the video footage is not a reason for him to refuse defendants' legitimate request for updated access to his medical and psychological records. Ramirez also claims that defendants did not serve him with a copy of the motion to compel, but he also acknowledges that the operations at his institution due to COVID-19 was responsible for the delay, not any improper actions by defendants.

I agree with defendants that Ramirez needs to sign a medical authorization form if he wants to pursue damages for his physical and psychological injuries from October 27, 2017, to the present. Ramirez claims that his injuries from November 12, 2014, continue to affect him, so all medical records or information related to Ramirez's health are directly relevant to his claim. Therefore, Ramirez's medical records from October 2017 to present are discoverable, and I am *directing* Ramirez to return signed and fully completed the

requested medical authorization to defendant, signed and fully completed by **May 20, 2021**.

This is a "direction," not an "order." This court does not compel parties in a lawsuit to disclose confidential medical or psychiatric information if they choose not to, but this choice has consequences. Indeed, Ramirez's continued failure to disclose this information likely will result in the court limiting his damages for his physical and psychological injuries from November 12, 2014, to October 27, 2017. Accordingly, with that caveat, I am granting defendants' motion to compel.

## II.   Plaintiff's motion to compel video footage and to stay (dkt. ##92, 98)

Ramirez has filed a motion to compel defendants to turn over a copy of the video footage capturing the use of force incident from November 12, 2014. Ramirez also requests that discovery remain open, and represents that if the court extends discovery, he will not ask the court to compel responses to his more recent discovery requests. However, discovery is closed (*see* dkt. 97), Ramirez provides no good cause for reopening discovery, and defendants have already produced the video footage. Therefore, Ramirez's request to reopen discovery is denied.[1]

Ramirez's current ability to view the video footage is a different matter. Defendants accurately point out that Ramirez has reviewed the video footage on at least two separate occasions (*see* Schmid Aff., Ex. 2 (dkt. #95-2), and on February 4, 2020, defendants

---

[1] Defendants note that in a December 17, 2020, letter, Ramirez propounded several new discovery requests. Defendants point out that Ramirez's requests in that letter were beyond the December 11, 2020, discovery cutoff. I agree: Ramirez is not entitled to this material.

provided Ramirez's former counsel a second copy of the footage. Therefore, defendants take the position that they do not need to do anything more. However, Ramirez is no longer represented by counsel, and he represents that although defendants did turn over a flash drive containing the video footage of the use of force incident to his institution, Fox Lake Correctional Institution ("FLCI"), Ramirez no longer has access to it because FLCI officials sent back the flash drive, at defense counsel's request. Defendants do not indicate whether a copy of the video footage remains at FLCI, or whether Ramirez still has the ability to request to view it. Therefore, I infer that Ramirez's representation that he cannot view the video footage at present is accurate.

Obviously Ramirez will need to view the video footage of the events related to the use of force prior to trial. Therefore, I will direct defendants arrange for Ramirez to view the video footage of the November 12, 2014, cell extraction that was previously produced in this case, by **May 20, 2021**. This video footage should remain available to Ramirez at FLCI as long as this case remains open. As Ramirez prepares for trial, he is advised that even though he has been assisted by other prisoners during the court of this lawsuit, Ramirez *alone* is permitted to view this footage, and he must comply with FLCI's procedures in order to view it.

ORDER

IT IS ORDERED that:

(1) Plaintiff Gabriel Ramirez's motion to compel and motion to stay (dkt. 92, 98) are GRANTED in part and DENIED in part. Plaintiff's motion is DENIED insofar as discovery remains closed. His motion is GRANTED in that, by **May 20, 2021,** defendants must arrange for Ramirez to view the video footage of the November 12, 2014, cell extraction that was previously produced in this case. Defendants are instructed that they should inform FLCI officials to retain the video footage for Ramirez's access until the close of this case, including any appeal.

(2) Defendants' motion to compel (dkt. #88) is GRANTED, as provided above.

Entered this 11th day of May, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge