IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

                Plaintiff,                OPINION AND ORDER

v.

                                                  15-cv-365-wmc

L. KRANSKI and SWEEN,

                Defendants.

*Pro se* plaintiff Gabriel G. Ramirez is proceeding to trial on June 28, 2021, on claims that Deputies L. Kranski and Sween used excessive force claim against him in violation of the Fourteenth Amendment on November 12, 2014.  The parties are in the process of completing pretrial submissions, but in the meantime, Ramirez has filed three discovery-related motions. (Dkts. 103, 115, 117.)  For the reasons that follow, I am denying all three motions with one small exception.

OPINION

In his first motion (dkt. 103), Ramirez asks that the court (1) sanction defendants for violating the court's prior order requiring them to provide the video footage of the November 12, 2014, incident, (2) extend all deadlines because Ramirez needs to be treated fairly, and (3) compel defendants to provide plaintiff with a copy that was attached to the video, and to provide a response to his January 27, 2021, requests for admissions.

Taking Ramirez's last request first, I am denying it.  In my order dated May 11, 2021, I reminded Ramirez that discovery in this lawsuit is closed (*see* dkt. 102, at 3), so he is not entitled to a response to his untimely requests for admissions.  Nor is Ramirez entitled to sanctions.  Defense counsel represents that they sent officials at Fox Lake

1

Correctional Institution ("FLCI") a new copy of the video footage, and that on May 19, 2021, Ramirez was allowed to review that footage from 9:00 a.m. until 10:45 a.m., although he was given a larger time frame to review the footage, from 8:30 a.m. until 11:00 a.m. FLCI officials also assured defense counsel that they would retain the video footage at the institution until this lawsuit is over. Ramirez has not filed a reply to this motion, and it appears that Ramirez had sufficient time to review the video footage several times and take adequate notes. Therefore, there is no basis to sanction defendants. That said, I will add that Ramirez should be permitted to review the footage two more times before trial. Again, I remind Ramirez that he must follow FLCI's procedures to view the footage, and that he alone may review the footage, not any other inmate.

Finally, I will not extend the trial date or the pretrial deadlines. Ramirez has not provided good cause to do so.

In Ramirez's second motion (dkt. 115), he essentially is asking the court to compel defendants to turn over both defendants' employment records, including any complaints, investigations, grievances filed by inmates, and any relevant medical and/or psychological records. This motion is facially overbroad, and the requested information is at most only marginally relevant to Ramirez's claim in this lawsuit. More importantly, Ramirez has not detailed whether he has previously attempted to obtain such materials directly from defendants. Accordingly, this motion will be denied with one very small exception: *Upheld* excessive force complaints against any defendant are discoverable. Otherwise, Ramirez has not explained how any of the other requested information is relevant to whether Kranski or Sween used excessive force against him on November 12, 2014.

Finally, Ramirez has filed a motion in which he claims that the volunteer attorney recruited by this court (who withdrew from representation almost two years ago due to a genuine conflict of interest) performed ineffectively. Ramirez asks that the court hold a hearing to issue sanctions against his former attorney, who allegedly failed to locate witnesses to the use of force incident and did not communicate effectively with him. Ramirez's dissatisfaction with his volunteer attorney is not part of *this* lawsuit, which is proceeding on his excessive force claims against defendants Kranski and Sween. Accordingly, I am denying this motion.

Ramirez states at the end of this motion that he wishes to extend the June 28 trial date—which now is only three weeks away---so that he can try to hire new counsel for himself and locate certain witnesses. If Ramirez believes he has good cause to extend the trial date yet again (this trial has already been delayed multiple times), then he must promptly file a stand-alone motion that provides specific reasons why this trial should be postponed again. If Ramirez chooses to do so, then he should be aware that his recent filings could be perceived as a delaying tactic, and that Federal Rule of Civil Procedure 41(b) permits a court to dismiss a lawsuit if the plaintiff fails to prosecute it. *See Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998) (dismissal for failure to prosecute is appropriate where there is "a clear record of delay or contumacious conduct"). Ramirez should address these issues if he files a stand-alone motion to postpone trial. Unless and until the court grants a request to postpone, the current schedule remains in place.

ORDER

IT IS ORDERED that plaintiff Gabriel Ramirez's motion to supplement, motion for order releasing records and for ineffective assistance of counsel (dkts. 103, 115, 117) are DENIED with this exception: each defendant forthwith must disclose any upheld complaints that he used excessive force against any detainee or inmate at any time in the defendant's career.

Entered this 7th day of June, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge