IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GABRIEL G. RAMIREZ,

          Plaintiff,                                    ORDER

v.                                                   15-cv-365-wmc

L. KRANSKI and SWEEN,

          Defendant.

Following a two-day trial, a jury found no liability on *pro se* plaintiff Gabriel Ramirez's Fourteenth Amendment excessive force claims against defendants Dane County Jail Deputies L. Kranski and Sween, related to a cell extraction at the Dane County Jail on November 12, 2014. Ramirez has filed a notice of appeal (dkt. #172), and there are three motions currently pending that this order resolves (dkt. ##176, 177, 179).

*First*, Ramirez submitted a transcript request form asking for transcripts for every document filed in this lawsuit to date. (Dkt. #176.) Construing this filing as a motion for a transcript to be prepared at government expense under 28 U.S.C. § 753(f), this motion will be denied without prejudice.

Under 28 U.S.C. § 753(f), a party proceeding *in forma pauperis* is entitled to a free transcript only after the "trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but presents a substantial question)." Documents filed in this case are not transcripts that can be created at no fee under this statute. If Ramirez needs copies of filings in this case, he should direct his request to the clerk of court, understanding that he will be responsible for paying upfront for copies of any documents, at a rate of $0.10 per page. If Ramirez wishes to obtain transcripts of the hearings and trial of this case, he may

renew this motion, provided that he lists the description and date(s) of the transcribed proceeding he wishes to have prepared at the government's cost.

*Second*, Ramirez has filed a motion requesting that the court order that the $40 subpoena fee be paid out of his inmate release trust account. (Dkt. #177.) The court is denying this motion. Ramirez points out that the court agreed that Ramirez could use his release account to pay this fee. While the court agreed that Ramirez could request to use his release account for that fee, the court lacks the authority to *direct* state officials to pay for litigation costs from his release account. Ramirez is free to ask prison officials to remit the $40 payment from his release account, but that appears unnecessary since Ramirez has the ability to pay that fee from his inmate trust account. The trust fund account statement that Ramirez submitted in support of his motion to proceed *in forma pauperis* on appeal shows his average monthly deposit between February and August of 2021 to be $253.65, and that he had a balance of $44.20 in that account as of August 10, 2021. (*See* dkt. #180, at 1.) Although this amount of money might qualify him for *in forma pauperis* status, it does not mean that he is unable to pay the full $40 subpoena fee from his inmate trust account. Accordingly, this motion is DENIED.

*Third*, Ramirez seeks leave to proceed *in forma pauperis* on appeal. (Dkt. #179.) His trust fund account statement shows that he is unable to prepay the full $505 appellate filing fee (dkt. #180), so the motion is granted. *See* 28 U.S.C. § 1915(a). Under § 1915(b)(1), Ramirez must make an initial partial payment of the appellate fee, which the court has calculated as $50.73. Ramirez may have until **September 9, 2021**, to make the initial partial payment by check or money order. If necessary, he may arrange with

prison authorities to pay some or all of the amount from his release account. If he fails to make the required payment by **September 9**, the appeal may be dismissed. Ramiez must pay the remainder of the $505 appellate filing fee in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that:

1) Plaintiff Gabriel Ramirez's motion for transcripts (dkt. #176) is DENIED without prejudice.

2) Plaintiff's motion for order (dkt. #177) is DENIED.

3) Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (dkt. #179) is GRANTED. Plaintiff may have until **September 9, 2021**, to make the initial partial payment of $50.73 by check or money order. If necessary, he may arrange with prison authorities to pay some or all of the amount from his release account. If he fails to make the required payment by **September 9**, the appeal may be dismissed. Plaintiff must pay the remainder of the $505 appellate filing fee in monthly installments pursuant to 28 U.S.C. § 1915(b)(2).

Entered this 19th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge